# Hurd *v.* Tombes.

A court cannot exercise jurisdiction by consent of parties, when such jurisdiction is contrary to the constitution.

The circuit court has jurisdiction of a cause removed from a magistrate's court by *certiorari,* although the principal sum in controversy does not exceed fifty dollars.

The *certiorari* is in the nature of an appeal, although the statute allows the parties to proceed in the circuit court *de novo* on the merits.

In an original suit in the circuit court, a judgment upon a certificate of a balance due the defendant without a *scire facias,* would be erroneous; but upon proceedings originating before a justice of the peace, the statute authorizes such a judgment.

IN ERROR from the circuit court of the county of Amite.

This was an action brought by the plaintiff in error against the defendant, before a justice of the peace. Upon trial before a jury the plaintiff recovered a verdict for four dollars and ninety-five cents, and two hundred and eighty dollars costs of suit. The defendant afterwards removed the cause by *certiorari* into the circuit court. The plaintiff then filed his declaration, to which the defendant pleaded, and they proceeded regularly to trial. The jury found the plaintiff Hurd to be indebted to the defendant in the sum of nine dollars and seventy-four cents, for which sum a judgment was rendered, and costs awarded to the amount of four hundred and sixteen dollars. Execution was issued upon this judgment, and forthcoming bond given, but before the forfeiture, the case was brought to this court. The error assigned is that, inasmuch as the original sum in controversy did not exceed fifty dollars, the circuit court had no jurisdiction of the case. It did not appear that any objection was made to the jurisdiction in the court below.

C. P. SMITH for plaintiff in error.

The defendant in error was the party who sued out the writ of
20*

*certiorari,* by which the cause was removed from the justice's court. And in an examination of the regularity of the proceedings in the circuit court, it is important to ascertain in what character the circuit court acted; whether as a court exercising original jurisdiction over the matter litigated, or as an appellate tribunal, reviewing the decisions of the inferior court.

Upon the removal of a cause from a justice's court into the circuit court by *certiorari,* it is tried *de novo* (H. & H. Rev. St. 436, sec. 45,) on the merits. The question on such trial is not whether the justice decided right or wrong, but whether the cause of action or ground of defence is sustained by the evidence adduced by the litigants on the trial. The *certiorari* is the process by which the court acquires jurisdiction of the person, and is equivalent to the capias in ordinary cases. The fact that a *certiorari* lies for the removal of a cause from the justice's court into the circuit court, proves that the latter is a superior and the former an inferior tribunal; but it cannot be maintained that the circuit court exercises appellate jurisdiction in such cases, as that court does not revise the decisions of the justice of the peace. We think this too evident to require argument to prove it. But if it be conceded that in such cases the jurisdiction exercised by the circuit court is appellate, we assume that it is unwarranted by the constitution, and therefore repugnant to it. The circuit courts are courts of limited jurisdiction, whose powers are definitely fixed by the constitution. The only grant of jurisdiction to these courts is original. This would inevitably exclude them from the exercise of all jurisdiction of an appellate character. The general investment of appellate power in the High Court, independent of the exclusive language of the section of the constitution conferring the powers of the circuit courts, would have the same effect. See Carmichael *et al. v.* Browder, 3 How. Rep. 25; Loomis *v.* The Commercial Bank of Columbus, 4 How. R. 660.

The fourteenth section, article fourth, revised constitution, expressly limits the jurisdiction of the circuit courts in civil matters, to cases in which the principal of the amount in controversy exceeds fifty dollars. It follows, therefore, by inevitable consequence, that if the debt claimed by the plaintiff in the justice's court, or what is the same thing, if the amount in controversy

Hurd *v.* Tombes.

was less than fifty dollars, the circuit court could not exercise original jurisdiction over the subject matter. No act of one or both of the litigants from which a presumed consent would follow to the exercise of jurisdiction by the circuit court, could confer it, as no express agreement or consent could vest the court with jurisdiction. No act, then, has or could have been performed by the parties which gave authority to the circuit court over this case, if it did not possess it under the constitution, or some law pursuant thereto.

We have said that the circuit courts possess only a limited jurisdiction in civil cases. It is limited to causes where the amount in controversy shall exceed fifty dollars; and whether we apply the principle applicable to courts of limited and special jurisdiction, that the record must show affirmatively that such a court has jurisdiction of the person and the subject matter; or the rule applicable to courts of general jurisdiction, that the record must show affirmatively that such a court has not jurisdiction of the subject matter, or the person of the litigants, we arrive at the same result. The record shows conclusively that the amount in controversy was less than that over which the court could maintain jurisdiction. The question then arises, what is the effect of the decision of the circuit court on the rights of the plaintiff in error? Is it merely erroneous, and therefore only voidable by a due course of procedure, or is it absolutely null? We state an unvarying rule, when we say that it is absolutely null and void. Gatham *v.* Egerton, 9 Cowen, 227; Campbell *v.* Brown and Wife, 6 How. Rep. 106; 15 Johns. 14; 19 *Ib.* 53.

And we are borne out by a rule equally uniform and universal when applied to courts of law, when we say that they, courts of law, whenever it shall appear, by pleading or suggestion, that they have not jurisdiction of the person whose rights are to be affected by their action, or of the subject matter put in contest by the proceeding, the suit or plaint must be dismissed. What, then, is it incumbent on this court to do? The answer is, to set aside the inoperative judgment of the court below, and dismiss the cause.

It will be perceived by this court, that a reversal of the judgment of the circuit court is not sought so as to obtain an opportunity on a new trial to contest the matter in the court below. That judg-

ment, in the light in which we have considered it, is unimpeachable, or it is a mere *brutem fulmen*, a nullity.

The court under the general assignment, will notice if the positions above assumed should not be held sound, the error in the judgment of the circuit court. Judgment is rendered against the plaintiff in error, for the balance certified by the jury against the plaintiff, without *scire facias*. See Rev. Stat. 615, chap. 47, sec. 5. For this the judgment of the court below must be reversed.

SMILEY on the same side.

BOYD for defendant in error.

The judgment below was correct. No matters of exception or errors in the conduct of the cause in the circuit court are pretended. The cause having been brought into the circuit court by *certiorari*, that court had jurisdiction. Hurd, the plaintiff in error, filed his declaration, reciting the *certiorari*, and setting forth his claim. Tombes filed his pleas, and the jury found in his favor, and there were no errors on the trial ; or if they occurred, they are not shown by any bill of exceptions. Hurd was the plaintiff in the magistrate's court, and in the circuit court he impleaded Tombes, and it is too apparent from the record that his object could have been only to harrass and oppress. For even when he recovered his judgment before the justice of the peace, it is shown that Tombes had reduced his claim to the inconsiderable amount of $4.95, while the costs swelled up to the enormous sum of two hundred and eighty-one dollars and forty-four cents, and this cost was doubled in the circuit court. Now, if the decision of the circuit court could be shown to be ever so erroneous, it is a well settled rule that the appellate court will not reverse such a decision, where the costs on a new trial would greatly overbalance the amount of benefit claimed by the other party. The costs of each trial has been upwards of two hundred dollars. This principle is well settled by authority, and the case before the court shows the wisdom of the rule.

Before the magistrate Hurd recovered a judgment for four dollars and ninety-five cents, while in the circuit court Tombes has obtained a certificate for nine dollars and seventy-four cents. The

Hurd *v.* Tombes.

costs before the magistrate were two hundred and eighty-one dollars and forty-four cents, and in the circuit court four hundred and sixteen dollars and eleven cents. The proceedings are frivolous to the last degree, and show a vindictive desire on the part of Hurd, who must be presumed to have known that the accounts between him and Tombes were nearly balanced, to make use of the machinery of the law to overwhelm his legal adversary with the most unwarrantable penalties and costs. Actions in England are deemed frivolous when they are for a less sum than twenty pounds sterling. And in such cases, especially where the costs are heavy, the court never interferes with the finding of a jury. 2 Tidd, 916; Graham on N. T. 347, chap 10, sec. 3, pages 401, 402, chap. 11, sec. 7; 348, chap. 10, sec. 3. See also the case in 9 Moore, 583, and the opinion of Lord Mansfield, 2 Burr. 664, in the case of Burton *v.* Thompson.

In this case, moreover, a forthcoming bond was given, and no writ of error will lie.

Mr. Justice CLAYTON delivered the opinion of the court.

The chief reason assigned for the reversal of the judgment is, that the act of assembly under which the case was carried to the circuit court, allowing a trial to be had *de novo* upon its merits, is unconstitutional. That the only grant of jurisdiction in the constitution to the circuit court, is of original character, and limited to sums where the principal in controversy exceeds fifty dollars, and hence the court could not legally take cognizance of this case. Although the plaintiff in error filed his declaration and went to trial without exception to the jurisdiction of the court, still if the acts of that court are unauthorized by the constitution, they cannot be sustained. Consent of parties will not give jurisdiction, where it is withheld by that instrument.

The constitution gives to the circuit court original jurisdiction in all matters civil and criminal; but in civil cases only when the principal of the sum in controversy exceeds fifty dollars. It confines the jurisdiction of justices of the peace to causes in which the principal in controversy does not exceed fifty dollars, and secures the right of appeal in all cases tried by a justice, under such rules and regulations as shall be prescribed by law. Art. iv. sec.

Hurd *v.* Tombes.

14–23. It is difficult to conceive how the right of appeal could have been given in plainer language, and we see no repugnancy to the constitution in the law which directs the appeal to be taken to the circuit court. It is left to the legislature to prescribe the rules and regulations which are to govern such appeals, and it has been done by that body in strict conformity to the power entrusted to it. It is insisted, however, that the provision of the statute which directs the trial to be had *de novo* upon the merits, gives the proceedings an original rather than an appellate character, and the amount in controversy being less than fifty dollars, the constitution is thereby violated. The statute gives to the party aggrieved a trial in the circuit court upon the merits, not confining that court to a review of the errors alleged to exist in the *judgment* of the justice. This was intended to prevent a reversal upon merely technical points, in regard to which the *justices* would be very liable to err. But this does not take from the proceeding its appellate character. The trial is had upon the same subject matter involved in the controversy in the magistrate's court, and between the same parties, and the court is in substance directed to give the judgment the magistrate should have given. But for this, the cause might often be sent back upon reversal for errors not affecting the merits. The judgment of the justice, till taken up, is final and conclusive between the parties; when taken up, the jurisdiction of the justice is at an end, and his judgment is merged and extinguished in that of the circuit court. This proves that the proceeding is not original, but appellate in its chaacter. The *certiorari* is in this case but a substitute for an appeal.

It is further objected, that the judgment is erroneous, because it was rendered in the circuit court against the plaintiff in error for the balance certified by the jury against him, without a *scire facias.* How. & Hutch. 615. In an original suit in the circuit court, a judgment upon a certificate of a balance due the defendant without a *scire facias*, would be erroneous; but upon trials before a justice of the peace the statute expressly authorizes such judgment. H. & H. 437.

The judgment is affirmed.